Arturo REYNOSO, Petitioner,

v.

Dale ARTUS, Superintendent of Clinton Correctional Facility, Respondent.

09 Civ. 2111(VM)

United States District Court, S.D. New York.

Signed January 5, 2016

Arturo Reynoso, Attica, NY, pro se.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

*Pro se* petitioner Arturo Reynoso ("Reynoso"), currently incarcerated at Clinton

Correctional Facility in New York, filed the instant motion ("Motion") pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") to vacate his judgment of conviction. (Dkt. No. 25.) Reynoso was convicted in New York State Supreme Court, Bronx County ("Trial Court") of murder in the second degree in violation of New York Penal Law ("NYPL") Section 125.25(1). The Trial Court sentenced Reynoso to an indefinite prison term of twenty-five years to life.

The Motion requests that the Court vacate its Order dated June 30, 2010 denying Reynoso habeas corpus relief pursuant to 28 U.S.C. Section 2254 ("June 30 Order"). (Dkt. No. 20.) Reynoso asserts several grounds for relief. First, he argues that contrary to the June 30 Order, he was not convicted of murder in the second degree pursuant to NYPL Section 125.25(2). Second, he contends that contrary to the June 30 Order, he was not convicted of criminal possession of a weapon in the second degree pursuant to NYPL Section 265.03(3). Finally, Reynoso claims that the Court's erroneous findings in its June 30 Order are a result of the Court's failure to review the trial transcript of record and accordingly the Court should disqualify itself from sitting on any further proceedings related to this matter. For the reasons discussed below, the Court DENIES Reynoso's Motion.

## I. BACKGROUND [1]

### A. FACTS

Reynoso was convicted of the murder of Juan Pablo Castaneda Martinez ("Martinez") on July 8, 2000. At approximately 11:45 p.m., near 2353 Jerome Avenue in the Bronx, two men approached Martinez. Following a brief exchange of words, one of the two men fatally shot Martinez in the chest. After the two men walked away, several eyewitnesses flagged down a police car and gave a description of the shooter. Approximately ten minutes later, two New York City police officers, who had heard a radio transmission describing the perpetrator, stopped Reynoso two blocks from the scene. A police cruiser then arrived, bringing two eyewitnesses to attempt to identify Reynoso as the shooter. Two police officers flanked Reynoso, each standing about two feet away. The officers did not physically restrain Reynoso. The first two eyewitnesses identified Reynoso as the shooter by his clothing in a so-called show-up procedure.[2] A third eyewitness arrived and also identified Reynoso as the shooter.

### B. PROCEDURAL HISTORY

In July 2000, a Bronx County grand jury returned an indictment charging Reynoso with two counts of murder in the second degree, pursuant to NYPL Section 125.25(1) (intentional homicide) and NYPL Section 125.25(2) (reckless homicide "[u]n-

---

**1.** The factual and procedural summary below is derived from the following documents: Sentencing Transcript, dated May 24, 2002 ("May 24, 2002 Tr."); C.P.L. 440.10 Decision, dated October 1, 2007 ("Section 440.10 Ruling"); Petition for Habeas Relief Pursuant to 28 U.S.C. Section 2255, dated May 4, 2009; Respondent's Declaration in Opposition to Petition for a Writ of Habeas, dated January 20, 2010; Respondent's Memorandum of Law in Support of Answer Opposing Petition for Writ of Habeas Corpus, dated January 19, 2010; Petitioner's Reply Memorandum of Law, dat-

ed April 5, 2010; Order Denying Habeas Corpus Relief pursuant to 28 U.S.C. Section 2254, dated June 30, 2010 ("June 30 Order") (Dkt. No. 20); Petitioner's Motion to Vacate Judgment Pursuant to Rule 60(b), dated October 14, 2015 (Dkt. No. 25). Except where specifically referenced, no further citation to these sources will be made.

**2.** In a show-up procedure the police present a single suspect to witnesses for the purpose of identification.

der circumstances evincing a depraved indifference to human life"); one count of manslaughter in the first degree, pursuant to NYPL Section 125.20(1); and one charge of criminal possession of a weapon in the second degree, pursuant to NYPL Section 265.03(2). Following a hearing on the legality of the police's stop of Reynoso and the use of show-up identification procedures, the Trial Court, by a decision and order dated May 12, 2002, found that the police had reasonable suspicion for the stop and the identification procedures were not unduly suggestive. On May 24, 2002, the jury found Reynoso guilty of murder in the second degree in violation of NYPL Section 125.21(1). The Trial Court sentenced Reynoso to an indeterminate prison term of twenty-five years to life.

In February 2006, Reynoso appealed his conviction to the New York State Supreme Court, Appellate Division, First Judicial Department ("Appellate Division"), which unanimously affirmed his conviction on September. 21, 2006. *See People v. Reynoso,* 32 A.D.3d 761, 820 N.Y.S.2d 801 (1st Dep't 2006). On October 13, 2006, the New York Court of Appeals denied Reynoso leave to appeal the Appellate Division's order. *See People v. Reynoso,* 7 N.Y.3d 869, 824 N.Y.S.2d 614, 857 N.E.2d 1145 (2006).

Reynoso then sought post-conviction relief. On December 18, 2006, he moved in the Trial Court to vacate his judgment of conviction pursuant to New York Criminal Procedure Law ("NYCPL") Section 440.10. Reynoso argued that the State had violated a New York precedent, *People v. Rosario,* 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961), by failing to provide him with an autopsy audiotape and statements prepared by the medical examiner. The court rejected those arguments in a decision and order dated October 1, 2007 ("Section 440.10 Ruling"). On March 25, 2008, the Appellate Division denied Reyno-

so's request for permission to appeal the Section 440.10 Ruling.

Reynoso filed a petition for habeas corpus pursuant to 28 U.S.C. Section 2254 in this Court on December 21, 2008. He subsequently filed an amended version on May 4, 2009. The Court denied Reynoso's habeas petition by order dated June 30, 2010. (Dkt. No. 20.)

On October 14, 2015, Reynoso filed the instant Motion.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

Reynoso has filed this Motion *pro se.* Because *pro se* petitioners are held to less stringent standards than petitioners represented by counsel, the Court must liberally construe Reynoso's claims. *See, e.g., Bell v. Ercole,* 631 F.Supp.2d 406, 413 (S.D.N.Y.2009).

Rule 60(b) states, in relevant part, that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). The Second Circuit reviews a District Court's decision on a 60(b) motion for abuse of discretion. A district court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *United States v. Dupree,* 706 F.3d 131, 135 (2d Cir.2013).

### B. *REYNOSO'S CONVICTION*

1. *Murder; NYPL Section 125.25(1)-(2)*

Reynoso argues that contrary to the June 30 Order, he was not convicted of

murder in the second degree pursuant to NYPL Section 125.25(2).

In its June 30 Order, the Court stated that "Reynoso was convicted in New York State Supreme Court, Bronx County (the "Trial Court"), of murder in the second degree, in violation of New York Penal Law ("NYPL") § 125.25(1)-(2)." *Reynoso v. Artus,* 722 F.Supp.2d 394, 397 (S.D.N.Y. 2010).

Reynoso is correct that he was convicted pursuant to NYPL Section 125.25(1) and not NYPL Section 125.25(2). The Court's decision, however, did not rest on the precise provision of NYPL Section 125.25 pursuant to which Reynoso was convicted. Rather, the Court relied on the overwhelming evidence presented at trial in reaching its conclusion that Reynoso's habeas petition should be denied. (June 30 Order, Dkt. No. 20 at 10.) As the Trial Court noted during Reynoso's sentencing:

> [T]he evidence in the case seems to me overwhelming and the defendant's story seems to me to lack credibility on every level.... It would seem to me that it is one of the strongest cases I've seen in terms of a murder case. Five eye-witnesses is something that is very rare. Five eye-witnesses with no criminal record, five eye-witnesses who never were promised anything, five eye-witnesses who had no motive to lie, five eye-witnesses who were hard-working people, all employed, all going about their lives, raising their family, none of whom knew the defendant and would have any reason to lie.

(May 24, 2002 Tr. at 28, ¶¶ 13–23.)

Moreover, while the Court did not specifically indicate which provision of the NYPL Section 125.25 it was referring to in the June 30 Order, the Court did not misstate the statute under which Reynoso was convicted.

■ Because the Court finds that the lack of specificity vis-à-vis the provision of NYPL section 125.25 cited in the June 30 Order was not an erroneous finding of law or fact, as required by Rule 60(b), the Court DENIES Reynoso's first ground to vacate the June 30 Order.

### 2. *Criminal Possession of a Weapon*

Reynoso contends that contrary to the June 30 Order, he was not convicted of criminal possession of a weapon in the second degree pursuant to NYPL Section 265.03(3).

In its June 30 Order, the Court stated that "Reynoso was convicted in New York State Supreme Court, Bronx County (the "Trial Court"), of ... criminal possession of a weapon in the second degree, in violation of NYPL § 265.03(2)." *Reynoso v. Artus,* 722 F.Supp.2d 394, 397 (S.D.N.Y. 2010).

Reynoso is correct that he was not convicted of criminal possession of a weapon. The criminal possession of a weapon charge was included in his original indictment but was not submitted to the jury.

■ The Court's decision did not rest on the finding of fact that Reynoso was convicted of criminal possession of a weapon but rather on the overwhelming evidence presented at trial in reaching its conclusion that Reynoso's habeas petition should be denied. (*See* June 30 Order, Dkt. No. 20 at 10; *see also* May 24, 2002 Tr. at 28, ¶¶ 13–23.)

Moreover, the Court's misstatement in its review of the procedural history in the June 30 Order was minor and is therefore not a sufficient basis for vacating the judgment pursuant to Rule 60(b). Accordingly, the Court DENIES Reynoso's second ground to vacate the June 30 Order.

### C. *Failure to Review The Trial Transcript*

Reynoso claims that the Court's erroneous findings in its June 30 Order are a

result of the Court's failure to review the trial transcript of record and accordingly the Court should disqualify itself from sitting on any further proceedings related to this matter. Reynoso relies on a footnote in the Court's decision in concluding that the Court did not review the trial transcript. The footnote reads as follows:

The factual and procedural summary below is derived from the following documents: Brief of Appellant in *New York v. Reynoso*, [32 A.D.3d 761,] 820 N.Y.S.2d 801 (1st Dep't 2006), undated; Brief of Respondent in *New York v. Reynoso*, [32 A.D.3d 761,] 820 N.Y.S.2d 801 (1st Dep't 2006), dated May 2006; C.P.L. 440.10 Decision ("§ 440.10 Ruling"), dated October 1, 2007; the Petition, dated May 4, 2009; Respondent's Declaration in Opposition to Petition for a Writ of Habeas Corpus, dated January 20, 2010; Respondent's Memorandum of Law in Support of Answer Opposing Petition for Writ of Habeas Corpus, dated January 19, 2010 ("Habeas Opp."); Petitioner's Reply Memorandum of Law, dated April 5, 2010 ("Habeas Reply").

*Reynoso v. Artus*, 722 F.Supp.2d 394, 397 n. 1 (S.D.N.Y.2010).

First, while Reynoso is correct that the Court did not explicitly indicate in its June 30 Order that it reviewed the trial transcript, it does not follow from the above footnote that the Court failed to review the trial transcript. As the text of the footnote explicitly states, the documents the Court specifically lists comprised those from which the Court derived the factual and procedural summary which follows, and not an exclusive enumeration of every item of the public record the Court reviewed in reaching its decision to deny Reynoso's petition.

Second, Reynoso does not allege what, if any, information in the trial transcript not also noted in the documents specifically detailed by the Court in the footnote, prej-

udiced the outcome of this Court's decision. Again, the Trial Court was clear that the eyewitness testimony was overwhelming and Reynoso's story was not credible. (*See* May 24, 2002 Tr. at 28, ¶¶ 12–23.)

▇ The fact that the Court did not expressly mention that it reviewed the trial transcript in its decision does not constitute sufficient basis for the Court to recuse itself from future proceedings in this matter, especially in light of the overwhelming evidence at trial that the Court explicitly relied on in issuing its June 30 Order. (*See* June 30 Order, Dkt. No. 20 at 10.) Accordingly, the Court DENIES Reynoso's third ground to vacate the June 30 Order.

▇ Assuming Reynoso meant to move for recusal on all grounds available to him, there would still be no grounds on which the Court should recuse itself from future proceedings. The federal recusal statute outlines two bases for recusal: reliance on an extrajudicial basis and personal bias or prejudice. 28 U.S.C. Section 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Supreme Court held in *United States v. Grinnell Corp.* that the nature of the Court's bias must be extrajudicial. 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id.* The relevant inquiry is whether "an objective, disinterested observer[,] fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992). The second basis for recusal, 28 U.S.C. Section 455(b), provides

that a judge "shall disqualify himself ... where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In the absence of evidence that the Court's June 30 Order had an extrajudicial basis or that the Court had a personal bias or prejudice, there is no reason for the Court to recuse itself.

### IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of Petitioner Arturo Reynoso ("Reynoso") to vacate his judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. No. 25) is **DENIED.**

**SO ORDERED.**